**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:12 CR 579** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Camille M. Harris, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon Camille Harris, Kenneth Embry, and Deon Levy's Joint Motions for Acquittal or New Trial (Doc. 111). This motion follows defendants' jury convictions for violations of 18 U.S.C. § 1349, conspiracy to commit wire fraud; 18 U.S.C. § 1343, wire fraud; and 18 U.S.C. § 1956(h), conspiracy to commit money laundering. For the reasons that follow, the motions are DENIED.

**Standard of Review**

Rule 29 of the Federal Rules of Criminal Procedures dictates that the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In assessing a defendant's motion for acquittal, the court

1

takes the evidence in the light most favorable to the government and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Connery*, 867 F.2d 929, 930 (6th Cir. 1989). "Substantial and competent circumstantial evidence by itself may support a verdict and need not remove every reasonable hypothesis except that of guilt. " *United States v. Fisher,* 648 F.3d 442, 450 (6th Cir. 2011) (internal citation omitted).

Rule 33 provides that a court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the verdict was against the manifest weight of the evidence." *United States v. Munoz,* 605 F.3d 359, 373 (6th Cir. 2010) (international citation omitted). Under this motion, the district judge may act as a "thirteenth juror," assessing the credibility of witnesses and the weight of the evidence. *United States v. Lutz,* 154 F.3d 581, 589 (6th Cir. 1998). "Generally, such motions are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Graham,* 125 Fed. Appx. 624, 628 (6th Cir. 2005). Acting in the interest of justice under Rule 33 also "allows the grant of a new trial where substantial legal error has occurred." *Munoz,* 605 F.3d at 373. However, a defendant in a criminal case "bears the burden of proving that a new trial should be granted." *United States v. Davis,* 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Seago,* 930 F.2d 482, 488 (6th Cir. 1991).

**Discussion**

**A. Motion for Acquittal**

Defendants move for acquittal on several grounds. First, defendants argue that their

conviction under 18 U.S.C. § 1343 was an unconstitutional application of federal law. Defendants contend that "[t]he government's theory of application of 18 U.S.C. § 1343 in this case would read United States Code Section 1014 and its jurisdictional requirement completely out of existence, an [sic] bestow upon the federal government jurisdiction over every residential loan in the United States." (Doc. 111 p. 3).  Defendants' argument here does not address the sufficiency of the evidence presented.  As such, it presents a non-cognizable ground for relief under Rule 29.  Defendants' motion for judgement of acquittal on this ground is denied.

Second, defendants argue that the government failed to present sufficient evidence to demonstrate that Embry sent the invoices in question in Counts One and Two of the Indictment.  Defendants argue that the government relied on a suppressed invoice to support Embry's conviction on the conspiracy to commit wire fraud and wire fraud convictions.  The Court disagrees.  The invoice in question was not suppressed and defendants failed to object to its introduction at trial.  Defendants' motion for judgement of acquittal is denied.

Third, defendants argue for acquittal based on there being insufficient evidence adduced at trial that the transactions alleged in Count Three of the Indictment were conducted with an unlawful purpose.  Defendants contend that there was a lack of evidence that the purpose of the transactions was to "conceal or disguise the nature, location, source, or control of stolen money." (Doc. 111 p. 7).  Defendants argue that the distribution of funds was done without "any layering, unusual structuring, or any other indicia of an intent to disguise the attributes of the funds" and that "transactions were at best shown to complete the distribution of the funds from the underlying alleged criminal scheme."  (Doc. 111 p. 9).  In *United States*

3

*v. Washington*, the Sixth Circuit recognized the difficulty of obtaining direct evidence of intent to commit fraud. 715 F.3d 975 (6th Cir. 2013). The court concluded that in finding intent to commit fraud "juries may consider circumstantial evidence and draw reasonable inference from such evidence." *Id.* at 980. At trial, the government presented evidence that Defendant Levy approached Shannon Lee about buying a house in North Carolina and that he later brought Defendant Embry into the deal. Defendant Levy told Lee that his wife would be completing the loan application as he had tax difficulties. During the loan application process, Defendant Harris provided false information regarding her assets and signed the mortgage documents. At closing, Defendant Embry presented a false invoice seeking $340,000, which was then deposited into Wolfco's bank account that Embry controlled. Afterwards, Embry transferred $150,000 to an Ameribuild Chase bank account in Harris's name. From these funds, Harris then wrote a $80,000 check into her personal Chase account. Here, viewing the evidence in the light most favorable to the government, the jury certainly could have found that defendants acted to conceal the proceeds of their wire fraud. Defendants' motion for judgement of acquittal on this ground is denied.

Fourth, defendants argue that the government failed to establish that the transactions involved profits as required by statute. Defendants argue that under *United States v. Santos*, 553 U.S. 507 (2008), "proceeds" in 18 U.S.C. §1956 means "profits." As the government rightly notes, the Sixth Circuit has provided a framework for applying the *Santos* plurality opinion. Under this Circuit's law:

> [P]roceeds does not always mean profits, as Justice Scalia concluded: it means profits only when the §1956 predicate offense creates a merger problem that leads to a radical increase in the statutory maximum sentence and only when nothing in the legislative history suggests that Congress intended such an increase.

4

*United States v. Kratt*, 579 F.3d 558, 562 (6th Cir. 2009). In *Jamieson v. United States*, the Sixth Circuit put forth a three-part inquiry to determine when "proceeds" should mean "profits" in light of *Santos*: "(1) is there a merger problem; (2) does the problem lead to a radical increase in the statutory maximum sentence; and (3) does the legislative history fail to show that Congress intended the increase? If the answer to *all three* questions is yes, 'proceeds' means 'profits.' If the answer to any question is no, then 'proceeds' means 'gross receipts.'" 692 F.3d 435, 440 (citing *United States v. Crosgrove*, 637 F.3d 646, 654-56 (6th Cir. 2011)) (emphasis in original). Here, all the counts in the Indictment are punishable by up to 20 years of imprisonment so the test in *Jameison* is not met. Consequently, the government did not need to establish that "proceeds" meant "profits" in this case. Defendants' motion for acquittal is denied.

### B. Motion for a New Trial

Defendants also move the Court for a new trial on several grounds.

First, Defendant Harris argues that the Court's denial of a continuance prejudiced her Sixth Amendment right to present witnesses in her defense. Defendant Harris contends that had this Court allowed for a continuance, a relevant witness would have been available and that this meets the required showing under *United States v. Wirsing*, 719 F.2d 859 (6th Cir. 1983). The Court rejects this argument. Defendant Harris retained handwriting expert Vickie Willard to testify that signatures on loan documents purporting to be Harris's were in fact forgeries. Nearly on the eve of trial *after* the final pretrial conference had been held, Defendant Harris requested a continuance from the Court because counsel had learned that Ms. Willard had recently undergone shoulder surgery and was immobile and heavily

5

medicated.  Soon thereafter, this Court denied her motion and Defendant Harris submitted a short letter from Ms. Willard confirming that she had undergone surgery.  The letter stated: "My arm is in a sling, cannot be extended from my body, and I am on pain medication.  The medication makes me sleepy and I am under doctor's orders not to drive while on medication."  (Doc. 100-1).  This letter provided an insufficient basis for a continuance.

This case has been pending since December 20, 2012 when the government filed the Indictment.  The trial in this matter was originally set for May 20, 2013, but the Court granted a motion to continue the trial date to allow counsel for Defendant Harris to prepare.  The Court then granted another continuance in this case on September 19, 2013 after counsel for Defendant Levy withdrew days before trial was to have begun on September 23, 2013.  In the Sixth Circuit, a showing of actual prejudice is required to demonstrate that a trial court abused its discretion in denying a motion to continue a jury trial. *United States v. McClendon*, 146 Fed. Appx. 23, 26 (6th Cir. 2005) (citing *United States v. King,* 127 F.3d 483, 487 (6th Cir. 1997)).  Here, in lieu of testimony, Defendant Harris accepted the government's stipulation that Ms. Willard's expert report be read to the jury. (Doc. 95).  And she had the benefit of the introduction of Ms. Willard's report without cross-examination.  Defendant Harris cannot demonstrate that the Court's refusal to grant a continuance worked actual prejudice in these circumstances.  Defendants' motion for a new trial on this ground is denied.

Second, Defendant Harris argues that the Court's denial of Harris's request for a continuance substantially impaired her right to testify on her own behalf.  Defendant Harris argues that her trial strategy was changed by Ms. Willard's inability to testify in person.  Defendant Harris argues that she planned to testify on her own behalf after Ms. Willard had

6

presented her testimony that the signatures on the loan documents were not Harris's.  Because Ms. Willard did not testify, Defendant Harris did not take the stand.  The Court rejects defendant's argument that her right to testify was somehow impaired.  The Court did not impair Defendant Harris's right to testify on her own behalf.  She chose not to do so.  The motion for a new trial on this ground is denied.

Third, defendants again object that the Wolfco invoice presented to the jury was derived from suppressed evidence and that its admission requires a new trial.  As the Court has already noted in the discussion of defendants' motion for acquittal on this ground, the Wolfco invoice was not suppressed nor indeed did defendants object to its introduction at trial.  Defendants' motion for a new trial on this ground is denied.

Fourth, defendants argue that the Indictment in this case was the product of a Fourth Amendment violation which requires suppression of the Indictment.  Defendants maintain that the Superintendent of Insurance of Ohio illegally intercepted electronic communications between Embry and Levy.  Upon spotting incriminating information, these communications were forwarded to federal officials who launched an investigation, eventually resulting in the instant Indictment.  The single out-of-circuit case defendants cite for the proposition that an indictment that is the "fruit" of an illegal search must be dismissed does not support that position.  The Court finds no substantial error here requiring a new trial.  Defendants' motion is denied.

Fifth, defendants argue that the conduct of jurors during trial necessitates a new one. Defendants maintain the fact that jurors appear to have slept during trial requires the Court to order a new trial.  As the government and indeed defendants point out, the Court expressed a

desire to excuse certain jurors for this reason.  Defense counsel, however, did not agree to this so the jurors remained on the panel.  In a similar vein, defendants argue that because one of the jurors the Court had offered to dismiss was appointed the jury foreperson and the jury's deliberations were of short duration, a new trial is warranted.  The Court does not agree.  The brevity of jury deliberations, neither alone nor coupled with defendants' other objections, is a sufficient basis for granting a new trial. *See United States v. Aguilera*, 625 F.3d 482 (8th Cir. 2010).  The Court cannot say that the jury did not give the case its careful deliberation because of defendants' objections.  Defendants' motion on this ground is denied.

Sixth, defendants maintain that the jury instruction incorrectly identified "proceeds" in 18 U.S.C. § 1956(h) as "gross receipts" rather than "profits."  As in their motion for acquittal, defendants argue that under their reading of *Santos*, the jury convicted them of conduct that was not criminal.  Setting aside the fact that defendants did not object to the jury instruction which they had since April 2013, under Sixth Circuit law, as discussed above, "proceeds" does not mean "profits" in this case.  There was no error in the jury instruction and defendants' motion for a new trial on this ground is denied.

Seventh, Defendant Harris argues that the government failed to prove that she signed the loan application beyond a reasonable doubt.  At trial, the government presented the testimony of Judy Edwards, a notary.  Ms. Edwards testified that she notarized the loan application signed by Defendant Harris.  Substantial evidence demonstrated that Harris signed the loan application.  The Court does not find that the jury's verdict was against the manifest weight of the evidence.  Defendant Harris's motion for a new trial on this ground is denied.

Eighth, Defendant Embry objects that the Court committed a prejudicial error in

8

requiring him to go to trial. Again on the eve of trial, Defendant Embry alleged that his attorney was "unprepared" for trial. The Court rejects this argument. Prior to trial, the Court carefully examined Defendant Embry's claim and made on the record inquiries of Embry and his counsel on this subject. The Court found assertions of unpreparedness to be unfounded. The Court therefore denies Defendant Embry's motion for a new trial on this ground.

Finally, defendants argue that the Court improperly admitted a loan application signed by Defendant Harris. Defendants argue that the Court should not have admitted the loan application as a business record, it was not properly authenticated, and the Court should have given a limiting instruction about the loan application to the jury. Defendants' arguments on these points are without legal support. They fail to meet their burden to demonstrate that a new trial is warranted on these grounds. Defendants' motion for a new trial is denied.

**Conclusion**

For the reasons set forth above, the Court DENIES defendants' motion for acquittal and their motion for a new trial.

IT IS SO ORDERED.

                                                /s/ Patricia A. Gaughan
                                                PATRICIA A. GAUGHAN
                                                United States District Judge

Dated: 7/3/14